PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 07/2021)

**FILED**

MAR 3 1 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE __WESTERN__ DISTRICT OF TEXAS
__SAN ANTONIO__ DIVISION

__Calvin McCollum #1988652__
Plaintiff's Name and ID Number

__Connally Unit, TDCJ__
Place of Confinement

__All current and future disabled inmates at Connally Unit,__

v.

CASE NO. __SA23CA0404XR__
(Clerk will assign the number)

__TDCJ__
Defendant's Name and Address

__Director B. Collier c/o TDCJ PO Box 99 Huntsville TX 77342__
Defendant's Name and Address

__Warden Emundo Cueto c/o Connally Unit 899 FM 632 Kenedy TX 78119__
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $52.00 for a total fee of **$402.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $52.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES _X_ NO
    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
        1. Approximate date of filing lawsuit:_____
        2. Parties to previous lawsuit:
        Plaintiff(s)_____
        Defendant(s)_____
        3. Court: (If federal, name the district; if state, name the county.)_____
        4. Cause number:_____
        5. Name of judge to whom case was assigned:_____
        6. Disposition: (Was the case dismissed, appealed, still pending?)_____
        7. Approximate date of disposition:_____

II. PLACE OF PRESENT CONFINEMENT: J.B. Connally Prison, 899 FM 632, Kenedy TX 78119

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?  (1) X YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Calvin McCollum #1988652
c/o Connally Prison, 899 FM 632, Kenedy Texas 78119

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Texas Department of Criminal Justice
c/o P.O. Box 99 Huntsville TX 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Not allowed to refuse Accomidation, Non-ADA housing, Life Endangering dayroom

Defendant #2: Director Bryan Collier
c/o TDCJ Box 99 Huntsville TX 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
is refusing inmates to refuse treatment/care/and or Accomidation

Defendant #3: Warden Emundo Cueto
c/o J. Connally Prison, 899 FM 632, Kenedy TX 78119

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Non-ADA compliant housing, life endangering dayroom, overcrouding ect

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

(1) No answer has been sent to me. See Affidavit.

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Claim #1: TDCJ, its Director and Unit Warden Refuse me and others to Refuse treatment, care and/or accomidation in violation of my Constitutional Rights, via its "Cool Bed" classification.

Claim #2: TDCJ is practicing medicene via a Computer program to asign a "Cool Bed" Restriction based on or in part on age.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Order the Right to Refuse treatment, accomodations and or care, Compensatory Damages, Legal fees, Legal costs, Punitive Damages and any other

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Gary Wymore, TEX

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

first # is unknown, no others I know about

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___YES  X  NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date sanctions were imposed: _____
4. Have the sanctions been lifted or otherwise satisfied?   N/A   ___YES ___NO

Rev. 05/15

4 A

Claim #3: The housing is designed for administrative segregation. The day rooms used by 14 inmates, many handicapped, is designed for 1 persons use, with many pods without seating for meals and/or no access to the drinking water for those dependant on using walker. As does the lead plaintiff. This results in the old infirm and weak giving up seats to youngvns.

Claim #4: There is only one T.V. in the day room, even though TDCJ's policy, to prevent violence, calls for 2 TV's. one sports, one general, many fights occure over the TV shows. And the desires of the handicapped are rarely observed, placing plaintiffs life in danger.

Claim #5: The 'recreational area built for 2 inmates is the only area available for 42 men.

Claim #6: The showers are not handicapp equiped. Niether are the cell toilets.

Claim #7: 12 building is not built or designed to meet the requirements of the Americans with Disability Act, in that inmates with the same custody level have shelfs in thier cells, dayrooms with a minimum of 35 square foot per inmate, multiple TV's, outside recreational areas, and other convienices, in general population areas of unit.

4 B

C. Has any court ever warned or notified you that sanctions could be imposed?    ____YES  X  NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division):_____
   2. Case number:_____
   3. Approximate date warning was issued:_____

Executed on: 3/29/23
DATE

Calvin McCollum #1988652
_Calvin McCollum #198865_
(Signature of Plaintiff)
Pro Se

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __29th__ day of __March__, 20 __23__.
         (Day)              (month)          (year)

Calvin McCollum #1988652
_Calvin McCollum_
(Signature of Plaintiff)
Pro Se

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

5