UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CALVIN MCCOLLUM, TDCJ #01988652, § § **Plaintiff,** § § v. § § TEXAS DEPARTMENT OF CRIMINAL § JUSTICE, DIRECTOR BRYAN COLLIER, § AND WARDEN EMUNDO CUETO, § § **Defendants.** § | SA-23-CV-00404-XR |

### ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Calvin McCollum's ("McCollum") 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). McCollum is proceeding *in forma pauperis* ("IFP"). (ECF Nos. 2, 4). On May 12, 2023, the Court ordered McCollum to show cause, on or before June 11, 2023, why his Complaint should not be dismissed for want of jurisdiction and failure to state a claim upon which relief may be granted. (ECF No. 5); *see* U.S. Const. amend. XI; 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). McCollum was specifically advised that if he failed to comply, his Complaint could be dismissed for failure to prosecute and failure to comply with the Court's Order. (ECF No. 5); *see* Fed. R. Civ. P. 41(b). To date, McCollum has not responded to the Court's Show Cause Order. Therefore, after review, the Court orders McCollum's § 1983 claims against the Texas Department of Criminal Justice ("TDCJ") **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION** based on sovereign immunity. (ECF No. 1); *see* U.S. Const. amend. XI. The Court further orders McCollum's § 1983 claims against TDCJ Executive Director Bryan Collier ("the Executive Director") and Connally Unit Warden Edmundo Cueto ("the Warden") in their official capacities for monetary damages **DISMISSED WITHOUT**

**PREJUDICE FOR WANT OF JURISDICTION** based on sovereign immunity. (ECF No. 1); *see* U.S. CONST. amend. XI. The Court orders McCollum's remaining § 1983 claims **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. (ECF No. 1); *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Finally, the Court orders McCollum's Complaint **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's Show Cause Order. (ECF Nos. 1, 5); *see* FED. R. CIV. P. 41(b).

## BACKGROUND

Records from the Texas Department of Criminal Justice ("TDCJ") show McCollum is serving a thirty–year sentence following his Galveston County conviction for driving while intoxicated. *See* [Texas Department of Criminal Justice Inmate Search](#) (last visited June 28, 2023). McCollum is currently confined in TDCJ's Connally Unit. *Id.*; (ECF No. 1). While confined, McCollum filed this § 1983 action against: (1) TDCJ; (2) the Executive Director; and (3) the Warden. (*Id.*). McCollum contends he and other inmates are being denied the right to refuse treatment, care, and other accommodations "via [the] 'cool bed' classification" in violation of their constitutional rights.[1] (*Id.*). He also contends TDCJ is "practicing medicine via a computer program to as[s]ign a 'cool bed' restriction based on or in part on age." (*Id.*). Finally, he appears to assert violations of the Americans with Disabilities Act ("the ADA"). (*Id.*). As relief, McCollum seeks monetary damages and injunctive relief in the form of an order requiring Defendants to allow inmates "the right to refuse treatment, accommodations and/or care." (*Id.*).

---

[1] McCollum appears to be attempting to assert claims on behalf of other inmates. He is not an attorney and, therefore, may not represent other inmates in this matter. Moreover, only McCollum signed the Complaint and he did not actually name any other inmates as plaintiffs in this matter. Thus, the Court will consider the claims as asserted by McCollum alone.

2

**APPLICABLE LAW**

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint — or any portion thereof — if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Labels and conclusions" or a "formulaic recitation

of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* And although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## ANALYSIS

### A. Section 1983 Claims

#### 1. TDCJ—Eleventh Amendment Immunity

Under the Eleventh Amendment, "[a]bsent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993) (quoting *Welch v. Tex. Dep't of Highways & Pub. Transp.,* 483 U.S. 468, 480 (1987)); *see* U.S. CONST. amend. XI. Section 1983 does not waive a State's sovereign immunity, and Texas has not consented to suit. *See Aguilar v. Tex. Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir.1998).

The Fifth Circuit has previously held TDCJ is "an instrumentality of the state" and "is immune from suit … on Eleventh Amendment grounds." *Aguilar,* 160 F.3d at 1054 (5th Cir.1998); *see Harris v. Angelina Cnty., Tex.*, 31 F.3d 331, 338 n.7 (5th Cir.1994) ("Under the current state of the law, the TDCJ is deemed an instrumentality of the state operating as its alter ego in carrying out a public function of the state, and is immune from suit under the Eleventh Amendment."). Accordingly, because the TDCJ is an instrumentality of the state, any claim against TDCJ is barred by the Eleventh Amendment. *See id.*

2. *The Executive Director and the Warden—Eleventh Amendment Immunity & No Individual Acts*

   a. Eleventh Amendment Immunity

The Eleventh Amendment bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell*, 436 U.S. at 658, 690 n.55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90, (1982). This is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

With respect to § 1983 claims, the Supreme Court has held a state is not considered a "person" within the meaning of the statute. *Will*, 491 U.S. at 64. Accordingly, although state officials literally are persons, if sued in their official capacities they are not deemed "persons" for purposes of section 1983. *Id.* at 71. In other words, a suit against an official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.*; *Brandon*, 469 U.S. at 471. As a suit against the official's office, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690

n.55). Thus, § 1983 suits brought against state officials in their official capacities for monetary damages or for retrospective relief are, likewise, barred under the Eleventh Amendment. *See id.*

The Executive Director and the Warden are state officials. Thus, McCollum's claims against these Defendants in their official capacities for monetary damages or other retrospective relief are subject to dismissal for want of jurisdiction based on sovereign immunity. *See Will*, 491 U.S. at 71.

    b. *No Individual Acts*

To state a § 1983 claim against a defendant, a plaintiff must allege the defendant was *personally* involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. *See Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (holding that under § 1983, officials are not vicariously liable for conduct of those under their supervision, they are accountable for their own acts and for implementing unconstitutional policies that result in constitutional deprivations); *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'"). Absent sufficient facts of personal involvement, the only way a defendant can be held responsible for a § 1983 violation is through a theory of supervisory capacity.

McCollum has failed to allege any personal involvement by the Executive Director or the Warden in any of his § 1983 claims. (ECF No. 1). He has also failed to allege they are responsible in their supervisory capacities by stating specific policies for which they are responsible and that such policies gave rise to the constitutional violations alleged. (*Id.*). Thus, his claims are subject

to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### B. ADA Claims

As set out above, in addition to his § 1983 claims, McCollum appears to assert violations of the ADA. *See, supra.* He appears to base the alleged ADA violations on: (1) overcrowding in the day room resulting in a lack of seating for the handicapped; (2) pods without seating for meals and lack of access to drinking water for those using a walker, including McCollum; (3) having only one television in the dayroom, resulting in fights and the discounting of the desires of the handicapped; (4) forcing forty–two men into a recreational area built for two inmates; (5) failure to equip the showers and cell toilets with handicapped equipment; and (6) failure to design the building in compliance with the ADA. (*Id.*).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity*, or be subject to discrimination by any such *entity*." 42 U.S.C. § 12132 (emphasis added); *see United States v. Georgia*, 546 U.S. 151, 153 (2006). Thus, by its language, Title II permits a cause of action for discrimination against public entities, not individuals. *See* 42 U.S.C. § 12132; *United States v. Georgia*, 546 U.S. at 153. "Public entity" is defined to include "any State or local government" and "any department, agency, … or other instrumentality of a State." 42 U.S.C. § 12131(1); *United States v. Georgia*, 546 U.S. at 154. The Supreme Court has held the definition of "public entity" includes state prisons. *United States v. Georgia*, 546 U.S. at 154 (citing *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998)). Thus, Title II authorizes suits for money damages by private citizens, including inmates,

against public entities, including prisons, which violate § 12132. *See* 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794(a)); *United States v. Georgia*, 546 U.S. at 154.

A plaintiff states a Title II ADA claim for relief if he alleges: "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (citing *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004)).

Here, McCollum has not alleged he has a qualifying disability. (ECF No. 1); *see Hale*, 642 F.3d at 499. McCollum's only reference to a potential disability is his statement that he uses a walker. (ECF No. 1). The Court finds this allegation insufficient to state a claim under the ADA. *See* 42 U.S.C. § 12102 (stating individual is disabled under ADA if he has physical or mental impairment substantially limiting one or more major live activities, has record of such impairment, or is subject to an action prohibited under ADA because of actual or perceived impairment).

McCollum has also failed to allege discrimination "by reason of his disability." (ECF No. 1); *see Hale*, 642 F.3d at 499. The ADA is a discrimination statute. *See Hale*, 642 F.3d at 499. Merely having a qualifying disability is insufficient to state a cognizable ADA claim. *Id.* Rather, the person claiming a disability must also establish causation, i.e., that he was discriminated against in the provision of benefits, services, or programs *by reason of his disability*. *Id.* McCollum's Complaint contains no such allegations. (ECF No. 1). Thus, as pled, McCollum has failed to properly assert a claim under the ADA as to any Defendant.

Relevant to any ADA claims brought by McCollum against the Executive Director and/or the Warden, and as set out above, the Supreme Court has recognized that under Title II of the

ADA, a plaintiff generally may not recover monetary damages from *individual* defendants. *See Georgia*, 546 U.S. at 154. However, this Court recognizes that a plaintiff may bring suit against an individual state official under Title II in certain instances. *See McCarthy v. Hawkins*, 381 F.3d 407, 413–14 (5th Cir. 2004). Such suits are limited to instances wherein the plaintiff seeks prospective injunctive relief. *Id.* These suits are permitted because they are against the defendant's office, not the individual defendant, and seek to require the defendant to conform his or her future conduct to the requirements of federal law. *Id.* at 412–14. Here, with regard to his ADA claims, McCollum has sought only monetary damages. (ECF No. 1). The injunctive relief sought is in the form of an order requiring Defendants to allow inmates "the right to refuse treatment, accommodations and/or care." (*Id.*). This is relief sought for McCollum's § 1983 claims, not his ADA claims. Thus, as alleged, McCollum has not sought prospective injunctive relief which might permit him to pursue ADA claims against the Executive Director and/or the Warden.

Based on the foregoing, the Court finds McCollum has failed to state a claim under the ADA upon which relief may be granted, subjecting this claim to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### C. Failure to Respond to Show Cause Order

This Court ordered McCollum to show cause on or before June 11, 2023, why his Complaint should not be dismissed for the reasons set out in the Show Cause Order. (ECF No. 5). McCollum has not filed an amended complaint or otherwise responded to this Court's Show Cause Order.

The Court has the inherent power under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss a case *sua sponte* where necessary to achieve orderly, expeditious disposition of cases.

FED. R. CIV. P. 41(b). McCollum's failure to respond to this Court's Show Cause Order suggests he no longer desire to pursue this matter, subjecting his Complaint to dismissal under Rule 41(b) of Federal Rules of Civil Procedure for failure to prosecute and failure to comply with an order of this Court. *See id.*

## CONCLUSION

McCollum was given an opportunity to amend his Complaint to correct the deficiencies set out in the Court's Show Cause Order, but he failed to respond. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court finds McCollum's Complaint is substantively subject to dismissal based on the analysis set out above. Moreover, by failing to respond to the Court's Show Cause Order, McCollum's Complaint is subject to dismissal pursuant to Rule 41(b).

**IT IS THEREFORE ORDERED** that McCollum's § 1983 claims (ECF No. 1) against Defendant TDCJ are **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**. *See* U.S. CONST. amend. XI.

**IT IS FURTHER ORDERED** that McCollum's § 1983 claims (ECF No. 1) against the Executive Director and the Warden in their official capacities for monetary damages are **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION** based on sovereign immunity. *See* U.S. CONST. amend. XI.

**IT IS FURTHER ORDERED** that McCollum's remaining § 1983 claims (ECF No. 1) are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

**IT IS FURTHER ORDERED** that McCollum's 42 U.S.C. § 1983 Civil Rights Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's Show Cause Order. *See* FED. R. CIV. P. 41(b).

It is so **ORDERED**.

**SIGNED** this 29th day of June, 2023

Xavier Rodriguez
United States District Judge